FILED

2008 Jan-03  PM 02:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION


BRENDA SMITH,

      Plaintiff,                      07-CV-1184-IPJ

v.

MICHAEL J. ASTRUE,
Commissioner of the Social
Security Administration,

      Defendant.

### MEMORANDUM OPINION

The plaintiff appeals from the decision of the Commissioner of Social Security denying her disability insurance benefits and supplemental security income. The case is now properly before the court. *See* 42 U.S.C. § 405. At the time of the hearing before the Administrative Law Judge ("ALJ"), the plaintiff was 39 years old and unemployed (R. 308, 310). At the hearing, the plaintiff alleged an inability to work due to a psychotic disorder not otherwise specified, major depression, and anxiety disorder (R. 301).

The ALJ found that the plaintiff does have impairments which are severe but do not meet or medically equal any of the impairments listed in Appendix 1 of

Subpart P, 20 CFR Part 404  (R.  22, 26).

The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The sole issue before the court is determining:  1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and 2) whether the correct legal standards were applied.  *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988).  The court may not decide facts anew, reweigh evidence, or substitute its judgment for that of the Commissioner.  *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  However, this limited scope does not render affirmance automatic,

> for "despite [this] deferential standard for review of claims . . . [the] Court must scrutinize [the] record in its entirety to determine reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987).

*Lamb*, 847 F.2d at 701.  Moreover, failure to apply the correct legal standards is grounds for reversal.  *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

Based upon the court's evaluation of the evidence submitted to and adduced at the hearing before the ALJ and considered by him and the Appeals Council,[1] the

---

[1] The plaintiff argues in her brief that reversal is warranted by evidence that was presented to the Appeals Council for the first time.  Although the ALJ did not have the benefit of the plaintiff's most recent treatment records from the Cheaha Mental Health Center when he rendered his decision, the court finds that there is not a reasonable possibility that the new records would change the ALJ's decision because the new records are consistent with Ms. Smith's previous medical evidence.  *See Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986).  Therefore, the ALJ's decision is not due to be reversed because of the new evidence.

court is satisfied that the decision of the ALJ is based upon substantial evidence and that the ALJ applied the correct legal standards.  Without  substituting its judgment for that of the Commissioner, this court can find no basis upon which to reverse the decision of the ALJ.  *See Bloodsworth*, 703 F.2d at 1239.  Accordingly, the decision of the Commissioner of the Social Security Administration is due to be AFFIRMED.

**DONE** and **ORDERED**, this the 3rd day of January, 2008.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE